UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WELLS FARGO BANK, N.A, et al., | Case No. 2:18-CV-1033 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| ELDOLRADO THIRD COMMUNITY ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is the matter of *Wells Fargo Bank, N.A. et al v. Eldorado Third Community Association et al*, case no. 2:18-cv-01033-JCM-PAL.

Plaintiffs Wells Fargo Bank, N.A. ("Wells Fargo"), Federal Housing Finance Agency, and Federal National Mortgage Association ("plaintiffs") initiated this action on June 7, 2018. (ECF No. 1). Through this action, plaintiffs sought to invalidate a non-judicial foreclosure sale conducted by defendant Eldorado Third Community Association and to secure the right to conduct a judicial foreclosure sale on the subject property due to defendant homeowner Jonathan Lake's ("Lake") default on his mortgage. *Id.*

Thereafter, on November 15, 2018, the court granted default judgment in favor of plaintiffs and against defendant Lake. (ECF No. 16). The default judgment provided that Wells Fargo's deed of trust continued to encumber the subject property and granted Wells Fargo the right to foreclose on the property, consistent with the causes of action and requested relief set forth in the complaint. *Id.*

Now, Wells Fargo has submitted a proposed order seeking to amend the terms of its default judgment against defendant Lake. (ECF No. 24). In addition to granting Wells Fargo the

**James C. Mahan**
**U.S. District Judge**

right to conduct a judicial foreclosure sale of the property, the proposed order provides, in relevant part:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendants are liable and indebted to Plaintiff in principal amount of $118,875.19; accrued interest of $15,023.90 . . . late fees, escrow advances, interest on escrow advances, property preservation and inspection fees, service fees, and other loan or servicing related charges in the amount of $7,960.87; foreclosure fees and attorney's fees and costs in amount to be determined; all combined for a total amount due of $141,815.19.

(ECF No. 24 at 2–3).

However, this provision is inconsistent with the court's original judgment, as well as with the causes of action set forth in the complaint. *See* (ECF No. 1). Indeed, Nevada adheres to the one action rule, the purpose of which is to prevent creditors from attempting to secure a "double recovery by seeking a full money judgment against the debtor and by seeking to recover the real property securing the debt." *McDonald v. D.P. Alexander & Las Vegas Blvd., LLC*, 121 Nev. 812, 816, 123 P.3d 748, 751 (Nev. 2005). Under the one-action rule, a creditor may foreclose on the real estate security and then sue on the note for any deficiency; however, if the creditor sues on the note first, it loses its security interest. *Id.*

Wells Fargo elected to pursue a foreclosure sale in lieu of suing on its deed of trust; it cannot seek a double recovery by requesting a money judgment against Lake prior to conducting a foreclosure sale of the property. If Wells Fargo requires further relief following its foreclosure sale of the property, it must initiate an action for any deficiency which may occur. *Nevada Land & Mortgage Co. v. Hidden Wells Ranch*, 83 Nev. 501, 504, 435 P.2d 198, 200 (Nev. 1967).

Therefore, the court declines the opportunity to amend the judgment in accordance with Wells Fargo's proposed order.

Accordingly,

IT IS SO ORDERED.

DATED July 8, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -